Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 234-0212
Facsimile: (619) 232-1382
rooneycdi@gmail.com

Attorneys for Plaintiff ROSANTO ORDINARIO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANTO ORDINARIO, | CASE No. 13-cv-02804-LAB-NLS |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |
| vs. | |
| LVNV FUNDING, LLC, and THE BRACHFELD LAW GROUP, PC, A California corporation. | (Jury Demanded) |
| Defendants. | |

## INTRODUCTION

1. Plaintiff Rosanto Ordinario, through his counsel, brings this action to challenge the acts of LVNV Funding, LLC (hereinafter "LVNV") and Brachfeld

Law Group, PC (hereinafter "Brachfeld") (collectively, "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and out of Defendant LVNV's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As all Defendants do business in the State of California, and committed the acts that form the basis for this suit with the intent to cause effects in the State of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper as all Defendants do business in the County of San Diego and the acts at issue took place in the County of San Diego.

**PARTIES**

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

///

10. Plaintiff is informed and believes and thereon alleges that Defendant LVNV is a Delaware limited liability company or limited partnership doing business in the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant Brachfeld is a California corporation doing business in the State of California.

12. All Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are, therefore, debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendant LVNV, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) and, is therefore, a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. All Defendants claim that Plaintiff is obligated to pay a debt and, therefore, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTS COMMON TO ALL CAUSES OF ACTION**

17. On December 5, 2012, through their counsel Brachfeld, LVNV filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Mr. Ordinario, in the matter of *LVNV Funding, LLC v.*

First Amended Complaint
-3-
13-cv-02804-LAB-NLS

*Rosanto Ordinario*, et al, case number 37-2012-00086895-CL-CL-CTL ("State Court Action").

18. A copy of this December 5, 2012 State Court Complaint is attached hereto as Exhibit A.

19. In the above State Court Complaint, later served on Mr. Ordinario, Defendants alleged that LVNV was an assignee of Washington Mutual and that:

A. LVNV had an enforceable legal claim for an open book account against Ordinario;

B. LVNV simultaneously had an enforceable legal claim for an "account stated" against Ordinario; and

C. LVNV had an enforceable claim against Mr. Ordinario for restitution under an *assumpsit* theories of "goods, wares and merchandise," "money lent," "money paid" and "services rendered and/or goods, wares and merchandise and/or extension of credit" in the amount of $3,318.00.

**Time barred claims**

20. In fact, LVNV did not have an enforceable legal claim under any of the above theories, as all of the above claims were time barred.

21. The account at issue was subject to a Delaware choice of law clause and, therefore, to Delaware's three-year statute of limitations, found at Delaware Code §8106.

22. Furthermore, even under California law, LVNV's *assumpsit* claims are subject to a two-year statute of limitations under California Code of Civil Procedure §339.

23. Plaintiff is informed and believes that more than three years elapsed between the date of Plaintiff's last transaction, here defined as a payment or purchase, on the account at issue, and December 5, 2012, the date of filing of the State Court Complaint.

24. LVNV's claims were thus time barred and unenforceable.

25.  Defendants, therefore, misrepresented the legal status of a debt, as Defendants falsely claimed to have three enforceable legal claims, when in fact they had none.

**Claim inflation**

26.  Plaintiff is informed and believes that Defendants also claimed a right to collect a principal amount that included compound interest and contractual fees, under *assumpsit* theories that do not allow compound interest and contractual fees; and in so doing Defendants collected or attempted to collect an amount not authorized by law or agreement.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by All Defendants)

27.  Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

28.  All named Defendants violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

    a.  *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b.  *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c.  *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d.  *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e.  *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

29.  Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of

$1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by LVNV)

30. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

31. Based on information and belief, Defendant LVNV's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17 and 1788.13.*

32. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following:

    a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

33. Defendant also violated the Rosenthal Act at Civil Code § 1788.13 by making a false representation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

34. Defendant LVNV's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b).*

35. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all named Defendants and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against all named Defendants and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant LVNV and for Plaintiff;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant LVNV and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against all named Defendants;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendant LVNV; and

7. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: December 2, 2013

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff