**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
LVNV Funding, LLC

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANTO ORDINARIO<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, and THE BRACHFELD LAW GROUP, PC, A California corporation.<br><br>Defendants. | Case No.: 13-cv-02804-LAB-NLS<br><br>**DEFENDANT LVNV FUNDING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:      July 6, 2015<br>TIME:      11:15 a.m.<br>PLACE:    Courtroom 14A<br><br>Hon. Larry Alan Burns |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................... 1

II.  MATERIAL FACTS .............................................................................. 2

III. LEGAL STANDARD FOR SUMMARY JUDGMENT ........................ 4

IV. LEGAL ARGUMENTS .......................................................................... 5

    A. The Statute Of Limitations Defense Was Waived In The State Court Action
       And Thus Cannot Serve As The Basis For Plaintiff's Claims ........................ 5

    B. The Litigation Privilege Bars Plaintiff's RFDCPA Claim ............................. 8

    C. Extensions Of Credit For Business Purposes Are Not Regulated By The
       FDCPA Or RFDCPA .................................................................................. 9

    D. LVNV Did Not Misrepresent The Legal Status Of The Debt Because The
       Common Count Claims Were Not Time-Barred Under California Law ....... 10

       1. California Law, Not Delaware Law, Governs the Statute of Limitations .. 11

       2. The Statute of Limitations For An Account Stated Claim Is Four Years
          And Begins To Run After the Last Item On The Account ........................ 14

       3. The Statute of Limitations For An Open Book Account Claim Is Four
          Years And Begins To Run After the Date of the Last Entry In The Open
          Book ....................................................................................................... 16

       4. The Statute of Limitations For Common Count Of Money Received, Lent
          Is Four Years And Begins To Run After the Last Date of the Last Entry In
          The Open Book ...................................................................................... 17

    E. Common Counts May Be Used To Collect Interest And Contractual Fees ... 19

    F. All FDCPA / RFDCPA Violations Alleged Are Predicated On The Same Set
       Of Facts And All Fail As A Matter Of Law ................................................ 21

V . CONCLUSION ..................................................................................... 22

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Paul*, 11 Cal. 4th 583 (1995)..................................................5, 6, 7

*Aniel v. Aurora Loan Servs. LLC*, 550 Fed. Appx. 416, 418 (9th Cir. Cal. 2013).........9

*Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439 (2013)....................................19

*Bliss v. Sneath*, 119 Cal. 526 (1898)..........................................................................6

*Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067 (9th Cir. 1992) ................................................9

*Boon v. Prof'l Collection Consultants*, 958 F. Supp. 2d 1129 (S.D. Cal. 2013).....9, 11, 12, 14

*Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1157 (S.D. Cal. 2013)...11, 13, 14

*Cassady v. Union Adjustment Co.*, No. C07-5405, 2008 WL 4773976, at *6-7 (N.D. Cal. Oct. 27, 2008) ...........................................................................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...........................................................5

*Culp v. CACH, LLC*, 2012 U.S. Dist. LEXIS 147633 at *13 (S.D. Cal. Sept. 20, 2012) ..........................................................................................................19

*Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001) .........................................................16

*Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) .....................................................5

*Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410 (7th Cir. 2005)............................5

*Federal Election Comm'n v. Toledano*, 317 F.3d 939 (9th Cir. 2002) .........................5

*Gleason v. Klamer*, 103 Cal. App. 3d 782 (Cal. Ct. App. 1980)....................12, 15, 20

*Greenberg v. Hunt & Henriques*, 2011 U.S. Dist. LEXIS 116992, *9 n. 2 (C.D. Cal. 2011)...........................................................................................................13

*Havlicek v. Coast-to-Coast Analytical Servs.*, 39 Cal. App. 4th 1844 (1995) .............13

*HSBC Bank Nevada, N.A. v. Aguilar*, 205 Cal. app. 4th Supp. 6 (2012) ....................16

*Minton v. Cavaney*, 56 Cal. 2d 576 (1961)..................................................................7

*Kawasho International, USA*, 152 Cal. App. 3d 785, 794 (1983).........................18, 19

*Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262 (9th Cir. 1991)................................10

YIU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 1 –

*Langford v. Eckert*, 9 Cal. App. 3d 439 (Cal. App. 2d Dist. 1970)...............................17

*Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158 (N.D. Cal. 2007).........9

*Makaeff v. Trump Univ., LLC*, 715 F.3d 254 (9th Cir. 2013)...........................................8

*McBride v. Boughton*, 123 Cal. App. 4th 379 (2004)........................................................19

*Mitchell v. County Sanitation Dist.*, 150 Cal. App. 2d 366 (1957) ..............................5

*Moya v. Northrup*, 10 Cal. App. 3d 276 (Cal. App. 1st Dist. 1970) .............................7

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992)......................................13

*Nelson v. Flintkote*, 172 Cal. App. 3d 727 (1985)......................................................5,7,8

*Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F. Supp. 2d 1043 (C.D. Cal. 2007) ......9

*O'Bryne v. Portfolio Recovery Assocs. LLC*, 2013 U.S. Dist. LEXIS 42922 at *18
(S.D. Cal. Mar. 26, 2013) ....................................................................................... 19, 20

*Packaging Corp. of Am. v. Newco Int'l Inc.*, CV 13-2848 (CAS) (AGRx), 2013 U.S.
Dist. LEXIS 177078, *9-10 (C.D. Cal. Dec. 9, 2013) .............................................21

*PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007) ...................................19

*Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009) ....................................12, 13

*Robin v. Smith*, 132 Cal. App. 2d 288, 291 (1955)........................................................18

*Shubin v. Midland Credit Mgmt.*, 2008 U.S. Dist. LEXIS 123810, *11-12 (C.D. Cal.
Nov. 24, 2008)...............................................................................................................12

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990) ...................................................................8

*Smith v. Cimmet*, 199 Cal. App. 4th 1381 (2011)); ......................................................13

*Stanley v. Novartis Pharms. Corp.*, 11 F. Supp. 3d 987 (C.D. Cal. 2014)...................13

*State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138
F.3d 772 (9th Cir. 1998)................................................................................................5

*Taylor v. Quall*, 458 F. Supp. 2d 1065 (C.D. Cal. 2006) .............................................8

*Weakley v. Redline Recovery Servs., LLC*, 723 F. Supp. 2d 1341 (S.D. Cal. 2010)....19

*Western Coal & Mining v. Jones*, 27 Cal. 2d 819 (1946) ...............................................5

*Williston on Contracts* § 73.58 (4th ed., rev. 2008) ......................................................12

*Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597 (1969)....................................15, 20

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 2 –

1

**Statutes**

Cal. Civ. Proc. Code 337 ...................................................11, 12, 14, 15, 16, 18

Cal. Code Civ. Proc. § 337a ...............................................................................16

Cal. Code Civ. Proc. § 337(2)..............................................................................15

Cal. Code Civ. Proc. § 339 ..................................................................................18

15 U.S.C. § 1692a(5) ............................................................................................9

15 U.S.C. §§ 1692d ..............................................................................................4

15 U.S.C. §1692e ............................................................................................4, 21

15 U.S.C. §1692e(10) .....................................................................................4, 21

15 U.S.C. §1692f(10) ......................................................................................4, 21

Cal. Civ. Code § 47(b). .........................................................................................8

Cal. Civ. Code § 1717.5 ......................................................................................21

Cal. Civ. Code §§ 1788.13 ..................................................................................10

Civil Code § 1788.17 ......................................................................................4, 21

Cal. Civ. Code §1788.2(e) .....................................................................................9

Cal. Civ. Code §1788.2(f) ......................................................................................9

Del. Code Ann. tit. 10, § 8106 .....................................................................11, 14

Fed. R. Civ. Pro. 8(d)(3) .....................................................................................19

**Other Authorities**

Witkin, California Procedure § 413, p. 521 (4th ed. 1996). ..................................6

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.      INTRODUCTION**

This lawsuit stems from a state court collection action filed by Defendant LVNV Funding, LLC ("LVNV") in December 2012, attempting to collect a credit card debt owed by Plaintiff Rosanto Ordinario ("Plaintiff").  In the state court action, LVNV asserted a single cause of action based on a number of common counts, including: open book account; account stated; goods sold and delivered; money lent; and money paid.  Plaintiff does not dispute that he owed the debt.  Instead, he contends that the common counts were time-barred and, therefore, unenforceable. Based on these allegations, Plaintiff now sues LVNV asserting violations of the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

Plaintiff's First Amended Complaint ("FAC") fails as a matter of law for several reasons:

- The filing of a claim is not precluded simply by the running of the statute of limitations.  Rather, the statute of limitations is a defense that is forfeited if not specifically pleaded.  Here, Plaintiff failed to assert, and thus waived, the statute of limitations defense in the state court action.  Therefore, the purported time-barred claims in the state court action cannot serve as a basis for Plaintiff's FDCPA and RFDCPA claims.

- Plaintiff certified that the credit card account at issue was being opened and used solely for business purposes, which is fatal to Plaintiff's claims because the FDCPA and RFDCPA do not regulate business accounts.

- As for the RFDCPA claim, it is barred by the litigation privilege because it is based entirely on the filing of the state court collection action.

- California law governs the common count claims asserted in the collection action.  Under California law, the common counts asserted are subject to a four-year statute of limitations.  Plaintiff's attempt to impose Delaware's

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

three-year statute of limitation on California common count claims for the purpose of manufacturing a lawsuit fails as a matter of law.

- Plaintiff's unsupported and conclusory allegation of "claim inflation" fails as a matter of law because LVNV had a legal right to allege interest and fees in the state court action.

As detailed herein, the issues raised in Plaintiff's FAC and LVNV's Motion for Summary Judgment ("Motion") involve questions of law based on simple and undisputed facts, which demonstrate that LVNV is entitled to summary judgment as to both of Plaintiff's causes of action.

## II.   **MATERIAL FACTS**

The material facts here are indisputable:

- In or around January 2007, Plaintiff completed and submitted an application to Washington Mutual (subsequently acquired by Chase Bank USA, N.A.[1]) ("Chase") for a business credit card account.  Appendix of Exhibits ("App'x of Exh.") No. 7 at 16:6-20, 18:16-25, and No. 9; Declaration of B. Ben Mohandesi ("Mohandesi Decl.") ¶¶ 4, 6.

- On or about January 30, 2007, Chase approved Plaintiff's application, and opened a business credit card account for Plaintiff bearing account number ending -0910 (the "Account").  App'x of Exh. No. 7 at 16:6-20, and No. 8 at 26:15-18; Mohandesi Decl., ¶¶ 4-5.

- Between January 2007 and June 18, 2009, Plaintiff incurred charges on the Account, and made payments to Chase.  App'x of Exh. No. 7 at 18:3-7, 19:9-19, No. 8 at 28:8 – 29:8, and Nos. 10-11; Mohandesi Decl., ¶¶ 4-5, 7-9. Plaintiff's final payment was on June 18, 2009 in the amount of $212.  *Id.*

---

[1] On September 25, 2008, Chase Bank USA, N.A. acquired part of Washington Mutual's personal and business credit card accounts, which included the Account.  On March 6, 2009, the Account was converted into a Chase Business credit card account.  For ease of reference, Washington Mutual is referred to herein as Chase.  *See generally* App'x of Exh. No. 8 at 13:13-16; Mohandesi Decl., ¶ 4.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

- In or around January 2010, Chase sent Plaintiff a final monthly statement for the Account.  The final statement reflected a total balance of $3,318.00.  In addition, the final statement stated, "The outstanding balance on your credit card account is scheduled to be written off as a bad debt shortly.  As a result, your credit bureau will be updated with a negative rating that could last up to seven years.  We can still help, but you need to call us now at 1-888-549-6881 (collect 1-302-594-8200)." App'x of Exh. No. 6 at 51:25 – 52:14, and No. 8 at 27:14 – 28:3, 29:25 – 30:12, 31:9-20, 32:5-33:2, and Nos. 10-11; Mohandesi Decl., ¶¶ 3, 5, 7-8; Declaration of Rosanto Ordinario in Support of Plaintiff's Motion for Partial Summary Judgment ("Ordinario Decl."), Docket No. 22, at ¶ 23, Exhibit A.

- On January 13, 2010, the last entry was made on the Account – a $39.00 late fee.  App'x of Exh. No. 8 at 29:25 – 30:12, 31:9-20, 32:5-33:2, and Nos. 10-11; Mohandesi Decl. ¶¶ 5, 7-8.  On January 30, 2010, Chase charged off the Account as bad debt.  App'x of Exh. No. 8 at 30:13-17; Mohandesi Decl., ¶ 5.

- On August 12, 2010, Chase sold the Account to Sherman Originator III, LLC.  App'x of Exh. No. 6 at 35:3 – 36:1, 41:15 – 42:4, 42:20 – 44:6 & Exhs. D1, D2, D3, E, and No. 12; Mohandesi Decl., ¶¶ 3, 9.  On August 16, 2010, Sherman Originator III, LLC sold the Account to Sherman Originator. App'x of Exh. No. 6 at 36:2-9 & Exhs. D1, D2, D3, E, and No. 12; Mohandesi Decl., ¶¶ 3, 9.  Subsequently, Sherman Originator LLC sold the Account to LVNV.  App'x of Exh. No. 6 at 35:3 – 36:23 & Exhs. D1, D2, D3, E, and No. 12; Mohandesi Decl., ¶¶ 3, 9.

- On December 5, 2012, The Brachfeld Law Group, P.C. ("Brachfeld") filed a collection lawsuit on behalf of LVNV Funding, LLC in the San Diego Superior Court (the "State Court Action").  App'x of Exh. No. 1; Request for Judicial Notice ("RJN") ¶ 1.  The case was filed using a California

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Judicial Council form complaint, and it contained a single cause of action for "Common Counts" which included counts for open book account, account stated, goods sold and delivered and money lent. *Id.*

- On December 2, 2013, Plaintiff filed the instant lawsuit asserting claims under the FDCPA and RFDCPA. Docket Nos. 1 and 3.

Specifically, Plaintiff contends that LVNV "did not have an enforceable legal claim…as all of the above-claims were time-barred" because the "account at issue was subject to a Delaware choice of law clause" and Delaware's three-year statute of limitations. FAC ¶¶ 20-21. Therefore, Plaintiff claims that LVNV violated the FDCPA and RFDCPA by misrepresenting the legal status of a debt by falsely claiming to have enforceable claims in the State Court Action. *Id.* ¶ 25. In addition, Plaintiff devotes one conclusory and unsupported allegation that LVNV attempted to collect an amount not authorized by law or agreement, to the extent LVNV sought compound interest and contractual fees "under *assumpsit* theories that do no allow compound interest and contractual fees." *Id.* ¶ 26.[2]

## III.   LEGAL STANDARD FOR SUMMARY JUDGMENT

A party is entitled to judgment as a matter of law where there is no genuine issue as to any material fact affecting a claim for relief. *See* Fed. R. Civ. P. 56. As the moving party, Defendant may discharge its burden by "'showing' – that is, pointing

[2] Plaintiff asserts violations of the following FDCPA provisions: 15 U.S.C. §§ 1692d (by engaging in behavior the natural consequent of which is to harass, abuse or oppress); 1692e (by making a false, deceptive or misleading misrepresentation in the collection of a debt); 1692e(2) (by misrepresenting the character, amount and legal status of a debt); 1692e(10) (by use of a false representation or deceptive means to collect a debt; 1692f(10) (by use of an unfair or unconscionable means to collect or attempt to collect a debt). These same subsections are incorporated in the RFDCPA claim pursuant to Civil Code § 1788.17. In addition, under the RFDCPA claim, Plaintiff asserts a violation of 1788.13 (by making a false representation that the debt alleged may be increased by the addition of attorney's fees) and 1788.30 (violations were willful and knowing). Each of these purported violations are predicated on the same set of facts: (1) LVNV did not have an enforceable claim because the State Court Action was time-barred (FAC ¶¶ 21-25), and (2) LVNV claimed a right to collect an amount that included interest and fees not authorized by law or agreement. (FAC ¶¶ 26, 33).

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 4 –

out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*quoting Celotex*).

To survive this motion for summary judgment, Plaintiff "must present competent evidence that creates a genuine issue of material fact." *See Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). The materiality of a fact is determined by the underlying substantive law. *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

## IV.   <u>LEGAL ARGUMENTS</u>

### A.   **The Statute Of Limitations Defense Was Waived In The State Court Action And Thus Cannot Serve As The Basis For Plaintiff's Claims**

Unlike some other states, California adheres to the rule that the lapse of the statutory period within which an action can be commenced does not extinguish the obligation sued upon. *Mitchell v. County Sanitation Dist.*, 150 Cal. App. 2d 366, 370-72 (1957). In California, the statute of limitations arises under the California law of procedure – *i.e.*, it "affects only the remedy sought," but "not the substantive right or obligation" sued upon. *Adams v. Paul*, 11 Cal. 4th 583, 597 (1995) (Kennard, J. concurring); *Western Coal & Mining v. Jones*, 27 Cal. 2d 819, 828 (running of the statutory period does not extinguish the cause of action) (1946); *Nelson v. Flintkote*, 172 Cal. App. 3d 727, 733-34 (1985) (statute of limitations is procedural; it affects the remedy only, not the substantive right or obligation). "In other words, a cause of action is not extinguished or impaired by the mere passage of time, and the maintenance of the claim is not precluded simply by the running of the statutory

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

period." *Adams*, 11 Cal. 4th at 597 (emphasis added).

Moreover, because the statute of limitations affects the remedy only, "it gives the debtor a personal privilege that he may or may not choose to exercise." 3 Witkin, California Procedure § 413, p. 521 (4th ed. 1996). As a personal privilege, the statute of limitations may be waived or forfeited by the one entitled to assert it, and if it is not affirmatively pled or asserted by a defendant, its benefits are waived. *Adams v. Paul*, *supra*, 11 Cal. 4th at 597; *Bliss v. Sneath*, 119 Cal. 526, 528 (1898); *Mitchell*, *supra*, 150 Cal. App. 2d at pp. 370-72. The California Supreme Court further explained as follows:

> The statute of limitations is a special defense which may be either relied on or waived at the election of a party entitled to avail himself of it, and, if not specially made, will be deemed to have been waived. Being a defense which is personal in its nature, it must be affirmatively shown to the court that it is relied upon by the party as a defense to the action; and upon an appeal from a judgment against a party entitled to make the defense, it will be assumed that the defense was waived, unless it affirmatively appears from the record that it was made in the court below. Whenever a defense is of the nature of a special privilege, of which the party can only avail himself by pleading it, then the pleading, whether it be by demurrer or answer, must specify the grounds of his defense. **A complaint which states a cause of action which might be defeated by interposing the statute of limitations may be sufficient to support a judgment,** provided the defendant does not choose to avail himself of the defense afforded him; and hence if he elects to avail himself of any defense personal to himself, as a special privilege or immunity, he must manifest that election by pleading it. **Even if it appears upon the face of the complaint that the claim sued upon is barred by the statute, the defense is not available unless it is pleaded.** It is unavailable under a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, but must be specially stated as a ground of the demurrer. Not only must the facts set forth in the complaint show that the defense is available, **but, as the court is not authorized to consider the defense unless it is claimed**, the election to claim it is a fact which must also appear upon the record before the court can hold that it exists.

*Bliss v. Sneath*, *supra*, 119 Cal. at 528-29 (internal citations omitted) (emphases added).

Stated more simply, if the defendant does not affirmatively invoke the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

procedural defense of the statute of limitations, not only is the defense waived, but the court is not even authorized to consider the defense.  *Id.*; *Minton v. Cavaney*, 56 Cal. 2d 576, 581 (1961) (defendant waived the defense of the statute of limitations by failing to plead that defense in the answer to the complaint).  "Thus, unless the defendant properly invokes the statute of limitations as a defense, the expiration of the statute of limitations does not affect even the remedy." *Adams*, *supra*, 11 Cal. 4th at 597.  Therefore, under such circumstances, a party may legally file and prosecute on a claim or debt that may otherwise be time barred under the applicable statute of limitations.  *Id.*; *see also Nelson*, 172 Cal. App. 3d at 731-33; *Moya v. Northrup*, 10 Cal. App. 3d 276, 285 (Cal. App. 1st Dist. 1970) ("It is no hardship on the defendant to require him to take affirmative action by answer and motion for summary judgment if the defense of limitations of actions in fact exists to an adequately plead common count.").

Here, Plaintiff filed an Answer in the State Court Action on January 30, 2013. App'x of Exh. No. 2; RJN ¶ 2.  The Answer does not assert statute of limitations as an affirmative defense.  *Id.*  Shortly thereafter, on March 19, 2013, a substitution of attorney was filed identifying Plaintiff's current counsel as attorney of record.  App'x of Exh. No. 3; RJN ¶ 3.  On that same day, a Case Management Statement was filed by the new attorney of record.  App'x of Exh. No. 4; RJN ¶ 4.  Again, the Case Management Statement contains no reference to a defense under the statute of limitations, and the Answer was never amended during the pendency of the State Court Action to assert a statute of limitations defense.  App'x of Exh. No. 5, RJN ¶ 5. Hence, the statute of limitations defense was forfeited and waived and did not affect the remedy sought in the State Court Action.  Because the defense was waived, the State Court Action was not precluded – even assuming, for the sake of discussion, that it was somehow time-barred.

To summarize, the maintenance of the claim is not precluded simply by the running of the limitations period, the defense is forfeited and not available unless it is

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1  specifically pleaded, and the court cannot even consider the statute of limitations as a

2  defense if it was not pleaded.  Here, because Plaintiff forfeited any defense based on

3  the statute of limitations in the State Court Action, Plaintiff cannot predicate his

4  FDCPA or RFDCPA claims on the assertion that Defendant filed a time-barred

5  collection action.  *Nelson*, 172 Cal. App. 3d at 731-33 ("There is no automatic magical

6  extinguishment of a cause of action by the mere passage of time.  A statute of

7  limitations is an affirmative defense which must be pleaded by a defendant and ruled

8  on by a court.").  In fact, as set forth below, the State Court Action was not time-

9  barred in any event.  *See* Section IV.D.

10     Accordingly, the analysis with respect to Plaintiff's FAC ends here, and

11  summary judgment should be granted in LVNV's favor.

12     **B.     The Litigation Privilege Bars Plaintiff's RFDCPA Claim**

13     Further, California's litigation privilege bars Plaintiff's RFDCPA claim.  The

14  litigation privilege applies to any publication or broadcast made in any judicial

15  proceeding.  Cal. Civ. Code § 47(b).  It is absolute in nature and is "applicable to any

16  communication, whether or not it amounts to a publication, and all torts except

17  malicious prosecution."  *See Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990)

18  (citations omitted).  The litigation privilege applies to "any communication (1) made

19  in judicial or quasi-judicial proceedings; (2) by litigants or other participants

20  authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

21  connection or logical relation to the action."  *Silberg*, 50 Cal. 3d at 212; *see also*

22  *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir. 2013).

23     Here, Plaintiff's RFDCPA claim is predicated exclusively on the allegation that

24  LVNV's State Court Action against Plaintiff was filed outside the applicable statute of

25  limitations period.  FAC ¶ 20.  Hence, LVNV's alleged conduct falls squarely within

26  the litigation privilege.  *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067-69 (C.D. Cal.

27  2006) (dismissing RFDCPA claim based on time-barred debt suit because of litigation

28  privilege); *see also Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F. Supp. 2d 1043,

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1045 (C.D. Cal. 2007) (holding litigation privilege applies to RFDCPA claims); *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1161-65 (N.D. Cal. 2007) (same); *Cassady v. Union Adjustment Co.*, No. C07-5405, 2008 WL 4773976, at *6-7 (N.D. Cal. Oct. 27, 2008) (same); *Boon v. Prof'l Collection Consultants*, 958 F. Supp. 2d 1129, 1133 (S.D. Cal. 2013) (citing *Lopez Reyes,* 525 F. Supp. 2d at 1161-65 (applying litigation privilege to RFDCPA claim where "the only allegedly wrongful debt collection practices in the…case occurred entirely in the context of the filing of a state court complaint to recover a debt")).

Accordingly, Plaintiff's RFDCPA claim is barred by the litigation privilege and fails as a matter of law.

### C.   Extensions Of Credit For Business Purposes Are Not Regulated By The FDCPA Or RFDCPA

Plaintiff's FDCPA and RFDCPA claims also fail because extensions of credit for business purposes are not regulated by the FDCPA or RFDCPA.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are ***primarily for personal, family, or household purposes*** . . ."  15 U.S.C. § 1692a(5) (emphasis added).  Indeed, the FDCPA "applies to consumer debts and not business loans . . ."  *Aniel v. Aurora Loan Servs. LLC*, 550 Fed. Appx. 416, 418 (9th Cir. Cal. 2013) (citing *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992)).

Likewise, the RFDCPA defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."  Cal. Civ. Code §1788.2(f).  A "consumer credit transaction" is "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person ***primarily for personal, family, or household purposes***."  Cal. Civ. Code §1788.2(e) (emphasis added).  Plaintiff claims that Defendant violated Sections

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 9 –

1788.13 and 1788.17 of the RFDCPA, both of which apply only to consumer debts. FAC ¶ 31; *see also* Cal. Civ. Code §§ 1788.13 ("No debt collector shall collect or attempt to collect a ***consumer debt*** by means of the following practices . . .") and 1788.17 (". . . every debt collector collecting or attempting to collect a ***consumer debt*** shall comply with the provisions of Sections 1692b to 1692j. . .") (emphasis added).

Here, Plaintiff applied for a business credit card, and on the Account application he agreed to only use the card for business purposes: "I certify that I am at least 18 years of age, have the authority to sign this application on behalf of my business, and will use the card for business purposes only." App'x of Exh. No. 7 at 18:16-25, and No. 9; Mohandesi Decl., ¶¶ 4, 6. Based on this representation, Plaintiff was issued a business account which was to be used only for business purposes. *See* App'x of Exh. No. 7 at 16:13-20, and No. 8 at 26:15-18; Mohandesi Decl., ¶¶ 4-5.

To the extent Plaintiff now declares that the Account was used solely for personal purposes, any such "evidence" should be stricken as contrary to a prior certified statement. *See Kennedy v. Allied Mutual Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.")" Here, Plaintiff certified that the Account would be used for business purposes only. He cannot now provide self-serving, contradictory testimony for the purpose of creating a factual issue to defeat summary judgment. Accordingly, Plaintiff's FDCPA and RFDCPA claims both fail at the threshold.

> **D.   LVNV Did Not Misrepresent The Legal Status Of The Debt Because The Common Count Claims Were Not Time-Barred Under California Law**

Moreover, even assuming *arguendo* that the aforementioned arguments do not warrant summary judgment in favor of LVNV, Plaintiff's claims fail nonetheless because the common counts were not time-barred.

YIU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 10 –

### 1. California Law, Not Delaware Law, Governs the Statute of Limitations

Plaintiff contends LVNV violated various provisions of the FDCPA and RFDCPA because it "did not have an enforceable legal claim under any of the above theories, as all of the above claims were time barred."  FAC ¶ 20.  More specifically, Plaintiff believes that Delaware law applies to the State Court Action based on the credit card agreement's choice of law provision. *Id.* ¶ 21.  Under Delaware law, the statute of limitations for breach of contract or an action to recover debt is three years. Del. Code Ann. tit. 10, § 8106.  Under California law, however, the statute of limitations for an action "upon an account stated based upon an account in writing" is four years.  Cal. Code Civ. Proc. § 337.

The Southern District of California recently addressed this exact issue in *Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1157 (S.D. Cal. 2013); *see also Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1163 (S.D. Cal. 2014) (granting defendant's motion for summary judgment on same issue and dismissing case in its entirety).  Just like the State Court Action here, plaintiff in *Boon* alleged that defendant "brought the state court action after the statute of limitations on Plaintiff's debt had run, and that the state court action therefore constituted improper debt collection in violation of the FDCPA and RFDCPA."  *Boon*, 978 F. Supp. 2d at 1160.

In granting defendant's motion to dismiss, the Court ruled as follows: (1) California's litigation privilege bars the RFDCPA claim (addressed above), and (2) California's four-year statute of limitations applies to the common counts alleged – not Delaware's three-year statute of limitation.  *Id.* at 1162-63.  In response to plaintiff's argument that Delaware law applies based on Chase's credit card agreement, the court disagreed and explained as follows:

> But Plaintiff mistakes the issue; the appropriate statute of limitations for the open book and account stated claims is determined by analysis of California's choice of law rules.

YIU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

'Under California's choice of law rules, California will apply its own rule of decision unless a party invokes the law of a foreign state that 'will further the interest of the foreign state . . . .' <u>Paulsen v. CNF Inc.</u>, 559 F.3d 1061, 1080 (9th Cir. 2009) (citing <u>Hurtado v. Superior Court</u>, 11 Cal. 3d 574, 581, 114 Cal. Rptr. 106, 522 P.2d 666 (1974)). California courts employ a 'governmental interest analysis' to assess whether California law or non-forum law should apply.  <u>Hurtado</u>, 11 Cal. 3d at 579-80. 'Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." <u>Deutsch v. Turner Corp.</u>, 324 F.3d 692, 716 (9th Cir. 2003). PCC initiated a suit based on common law causes of action in California state court against a California resident. (<u>See</u> Doc. No. 13-2 at 4-6.) In these circumstances, the Court concludes that the California statute of limitations applied, and therefore that Defendant PCC's state court claims were not time-barred. Accordingly, the Court concludes that Plaintiff has failed to state a claim under the FDCPA.

*Id.* (citations in original).

Likewise, Plaintiff's claims here fail as a matter of law because the appropriate statute of limitations for the open book and account stated claims is determined by analysis of California's choice of law rules.  There is no basis to apply Delaware law here.  LVNV did not assert a claim for breach of the credit card agreement in the State Court Action.  App'x of Exh. No. 1; RJN ¶ 1.  As in *Boon*, LVNV only asserted California common counts, including account stated and open book account.[3]  *Id*. California courts have rejected "the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated."  *Shubin v. Midland Credit Mgmt., Inc.,* 2008 U.S. Dist. LEXIS 123810, 2008 WL 5042849, *5 (C.D. Cal. 2008) (plaintiff sued debt buyer under FDCPA claiming that the collection action for an unpaid credit card debt was time-barred; the Court

---

[3] "An account stated is 'an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another.' *Gleason v. Klamer*, 103 Cal.App.3d 782, 786, 163 Cal. Rptr. 483 (Cal. Ct. App. 1980).  Each time an account is stated and assented to, it forms a new contract.  *Id.*  Under California law, the statute of limitations for an action 'upon an account stated based upon an account in writing' is four years. Cal. Code Civ. P. § 337.  The 'acknowledgment of the account stated need not be in writing,' *id.*, consistent with the common law principle that assent to an account stated may be express or implied. *Williston on Contracts* § 73.58 (4th ed., rev. 2008)." *Shubin v. Midland Credit Mgmt.*, 2008 U.S. Dist. LEXIS 123810, *11-12 (C.D. Cal. Nov. 24, 2008) (citations in original).

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 12 –

granted summary judgment in favor of defendant noting that California's four-year statute of limitations applies to the account stated claim); *see also, Greenberg v. Hunt & Henriques,* 2011 U.S. Dist. LEXIS 116992, *9 n. 2 (C.D. Cal. 2011) (noting that the Court's independent research did not find any support for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account).

Because the State Court Action alleged only common counts, and not breach of contract, the governmental interest analysis test applies to determine which state's statute of limitations controls LVNV's common count claims.[4]  *See Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d at 1162 (applying governmental interest analysis to determine that California statute of limitations applies under nearly identical circumstances).

The governmental interest analysis provides that, "California will apply its own rule of decision unless a party invokes the law of a foreign state that 'will further the interest of the foreign state . . .'"  *Id.* (citing *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009)).  The analysis employs a three-part inquiry to determine whether California law or a non-forum law should apply:  (1) Do California and the non-forum state have different law?  (2) Do both states have an interest in having their laws applied to the case?  (3) If the laws of each state are different, and each state has an interest in the application of its law, the court should apply the law of the state whose interests would be more impaired if its policy were subordinated to the policy of the other state.  *Havlicek v. Coast-to-Coast Analytical Servs.*, 39 Cal. App. 4th 1844 (1995) (applying California law over Delaware law where only connection to Delaware was issuance of certificate of incorporation to Defendant).  "Where the

---

4 The governmental interest analysis test will be used (1) in the absence of a contractual choice of law provision; or (2) if a contractual choice of law provision is unenforceable.  *See generally Stanley v. Novartis Pharms. Corp.*, 11 F. Supp. 3d 987 (C.D. Cal. 2014) (citing *Smith v. Cimmet*, 199 Cal. App. 4th 1381, 1395-97 (2011)); *see also Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 465- 66 (1992).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." *Boon*, 978 F. Supp. 2d at 1162. Here, each prong of the governmental interest analysis confirms application of California's statute of limitations to the claims in the Superior Court Action.

First, there is no dispute that California and Delaware apply different statute of limitations. California's statute of limitations is four years for the common counts at issue (Cal. Civ. Proc. Code 337), whereas Delaware's statute of limitations is three years (Del. Code Ann. tit. 10, § 8106).

Second, like in *Boon*, LVNV filed the Superior Court Action in the California Superior Court, alleging California common counts governed by California law, against Plaintiff, a California resident. App'x of Exh. No. 1, and No. 7 at 11:25-12:13; RJN ¶ 1; Mohandesi Decl. ¶ 4. Thus, there is no legitimate basis to find that a state other than California had an interest in the Superior Court Action.

Finally, analysis of the third factor is merely academic because Delaware, again, does not have any interest in applying its statute of limitations to a collection action filed by a California law firm, in California Superior Court, asserting a California claim against a California resident. On the other hand, imposing a foreign jurisdiction's statute of limitations under these circumstances would substantially undermine California's interest in applying its own procedural laws to actions commenced in its own state, based on its own laws, against its own citizens. *See, e.g.*, App'x of Exh. No. 1, and No. 7 at 11:25-12:13; RJN ¶ 1; Mohandesi Decl. ¶ 4. *Boon*, 978 F. Supp. 2d at 1162.

Accordingly, California law governs the statute of limitations for the common count claims asserted in the State Court Action.

## 2.   The Statute of Limitations For An Account Stated Claim Is Four Years And Begins To Run After the Last Item On The Account

"An account stated is 'an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

owing from one party to another.'"  *Gleason v. Klamer*, 103 Cal. App. 3d 782, 786 (Cal. Ct. App. 1980).  Each time an account is stated and assented to, it forms a new contract.  *Id.*[5]  Under California law, the statute of limitations for an action "upon an account stated based upon an account in writing" is four years.  Cal. Code Civ. Proc. § 337.  The statute of limitations on an account stated begins to run from the date of the last item on the account stated.  Cal. Code Civ. Proc. § 337(2) (". . . where an account stated is based upon an account of more than one item, the time shall begin to run from the date of the last item.").

Here, Plaintiff made charges on the Account and was sent monthly billing statements.  App'x of Exh. No. 7 at 18:3-7, 19:9-19, No. 8 at 28:8 – 29:8, and Nos. 10-11; Mohandesi Decl., ¶¶ 4-5, 7-9; Ordinario Decl., Docket No. 22, at ¶ 23, Exhibit A.  Each billing statement represented an account stated and formed a new contract.  The last item on the Account is a late fee in the amount of $39.00 on January 13, 2010.  App'x of Exh. No. 8 at 29:25 – 30:12, 31:9-20, 32:5-33:2, and Nos. 10-11; Mohandesi Decl. ¶¶ 5, 7-8.  Thus, LVNV had four years – until January 13, 2014 – to file the Superior Court Action.  Accordingly, when LVNV filed the State Court Action against Plaintiff on December 5, 2012, the claim was timely under California law.  In fact, the claim was also timely even under Delaware law as it was filed within three years of the last item on the Account.

Also noteworthy is the fact that the account stated claim would be timely even if Plaintiff's last payment date is used as the trigger date for statute of limitations.  Plaintiff's last payment was applied to the Account on June 18, 2009.  App'x of Exh. No. 7 at 18:3-7, 19:9-19, No. 8 at 28:8 – 29:8, and Nos. 10-11; Mohandesi Decl., ¶¶ 4-

---

5 *See also Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969) ("An account stated constitutes a new contract which supersedes and extinguishes the original obligation).  Thus, LVNV's common count claims in the Superior Court Action arose from a new contract formed between the parties – they were not based on a breach of the underlying cardholder agreement. Indeed, in the Superior Court Action, LVNV's counsel did not check the "Breach of Contract" box in Paragraph 8 of the form complaint.  *See* Superior Court Action, Page 2, ¶ 8.  Rather, LVNV's counsel only checked the "Common Counts" box, and LVNV only alleged common count claims. *Id.*

YIU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

5, 7-9. The payment necessarily represents assent to the account stated in the billing statement. Even if this is deemed the last item on the Account, the account stated claim was timely when the State Court Action was filed on December 5, 2012 (within four years of the last payment). Therefore, under any interpretation of the trigger date for the statute of limitations, Plaintiff's claims under the FDCPA and RFDCPA – stemming from a purportedly time-barred lawsuit – fail as a matter of law.

### 3.    The Statute of Limitations For An Open Book Account Claim Is Four Years And Begins To Run After the Date of the Last Entry In The Open Book

Where an account stated exists, an open book account may be based on that account stated. *HSBC Bank Nevada, N.A. v. Aguilar*, 205 Cal. app. 4th Supp. 6 (2012) ("The complaint further alleged that defendant became indebted to plaintiff on an open book account for money due, and that defendant's indebtedness was based on an account stated. Such allegations constitute a common count on open book account."). In short, the money due on an open book account may be based on an account stated. *Id.*

The statute of limitations on an open book account is four years, and begins to run from the date of the last entry in the open book. *See* Cal. Code Civ. Proc. § 337; *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001) ("An action for open book account in California must commence within four years of the entry of the last item on the account."). An "entry" in the open book is defined as a debit or credit on the account. See*, e.g.*, Cal. Code Civ. Proc. § 337a (defining entries as credits or debits, and noting the book account must "show[] the debits and credits in connection therewith, and against whom and in favor of whom entries are made . . .").

The last entry in the open book here was the late fee charged on January 13, 2010. App'x of Exh. No. 8 at 29:25 – 30:12, 31:9-20, 32:5-33:2, and Nos. 10-11; Mohandesi Decl. ¶¶ 5, 7-8. The statute of limitations, therefore, began to run in January 2010, rendering an action for open book account timely until January 2014.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Therefore, the State Court Action filed in December 2012 stated a timely claim for open book account under California law (and even under Delaware law).

### 4.   The Statute of Limitations For Common Count Of Money Received, Lent Is Four Years And Begins To Run After the Last Date of the Last Entry In The Open Book

In his FAC, Plaintiff contends that "LVNV's *assumpsit* claims are subject to a two-year statue of limitations" under California law.  FAC ¶ 22.  Although Plaintiff correctly applies California law, he incorrectly states the statute of limitations.

*Assumpsit* is a common count that "includes money counts – 'for money lent, for money paid, laid out, and expended, and for money had and received.'" *Langford v. Eckert*, 9 Cal. App. 3d 439, 443 (Cal. App. 2d Dist. 1970).  Therefore, Plaintiff's reference to "*assumpsit* claims" presumably pertains to the following common counts asserted in the form complaint filed in the State Court Action: "within the last four years, for goods wares and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff or plaintiff's assignor; for money lent by plaintiff, or plaintiff's assignor, to defendant at defendant's request; for money paid, laid out, and expended to or for defendant at defendant's special instance and request."  App'x of Exh. No. 1 at p.3, ¶¶ CC-1.b; RJN ¶ 1.  Plaintiff incorrectly alleges that these money counts necessarily fall under California's two-year statute of limitations.  *See* FAC ¶ 22.

As a preliminary matter, the California Judicial Council form complaint filed in the Superior Court Action provides two boxes to check for the statute of limitations for the money counts, or "*assumpsit* claims:"  (1) "two years" or (2) "four years."  App'x of Exh. No. 1 at p.3, ¶¶ CC-1.b; RJN ¶ 1.  Thus, the California Judicial Council recognizes that the statute of limitations for *assumpsit* claims can vary depending on the basis for the obligation or liability underlying the claim.  If an *assumpsit* claim is based on a "contract, obligation or liability" that is "not founded upon an instrument of writing," the claim is governed by the two-year statute of limitations for oral

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2600
Los Angeles, CA 90071

contracts found in California Civil Procedure Code Section 339.  Cal. Code Civ. Proc. § 339.  However, where the "contract, obligation or liability" is "founded upon an instrument in writing," the claim is governed by the four-year statute of limitations for written contracts found in Section 337.  Cal. Code Civ. Proc. § 337.  *See, e.g., Kawasho Internat., U.S.A. v. Lakewood Pipe Serv*., 152 Cal. App. 3d 785, 793 (1983) ("A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished.  It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.")

Here, LVNV's money counts (or *assumpsit* theories as Plaintiff designates them) in the Superior Court Action were based on the balance due pursuant to the written monthly statements for the Account.  *See* App'x of Exh. Nos. 10-11; Mohandesi Decl., ¶¶ 7-8.  The form complaint filed in the State Court Action, moreover, specifically alleges that "an account was stated in writing by and between plaintiff and/or Plaintiff's assignor and defendant in which it was agreed that defendant was indebted to plaintiff and/or Plaintiff's assignor."  App'x of Exh. No. 1 at CC-1.a; RJN ¶ 1.

Thus, the *assumpsit* claims at issue in the State Court Action are based on a written obligation or liability.  *See, e.g., Robin v. Smith*, 132 Cal. App. 2d 288, 291 (1955) (A book account may be deemed to furnish the foundation for a suit in *assumpsit*, within the limitation of time prescribed by section 337 of the Code of Civil Procedure; and a book account may consist of a single entry reflecting the establishment of an account between the parties).  Accordingly, LVNV's *assumpsit* theories were governed by Section 337's four-year statute of limitations, and they were timely.

However, even assuming, *arguendo*, that LVNV's *assumpsit* counts were somehow subject to the two-year statute of limitation and thus time-barred, Plaintiff still cannot allege a violation of the FDCPA or RFDCPA because the alternate counts

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 18 –

for account stated and open book account are subject to the four-year statute of limitations and, thus, timely under any circumstance.

Indeed, alleging alternative causes of action is permitted, even if the causes of action are inconsistent or subject to dismissal.  *See, e.g.*, *Culp v. CACH, LLC*, 2012 U.S. Dist. LEXIS 147633 at *13 (S.D. Cal. Sept. 20, 2012) (holding that it was not a violation of the FDCPA to allege inconsistent causes of action, even where only one of the causes of action could prevail); *see also Weakley v. Redline Recovery Servs., LLC*, 723 F. Supp. 2d 1341, 1346 (S.D. Cal. 2010) ("absent specific language in the RFDCPA, '[a] party may state as many separate claims or defenses as it has, regardless of consistency.'") (citing Fed. R. Civ. Pro. 8(d)(3); *PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007) (the court allows pleading in the alternative even if the alternatives are mutually exclusive)).

Accordingly, although all counts asserted in the State Court Action were timely and proper, as a matter of law, only one of the common counts had to be timely for Defendant to prevail on this Motion.  As a result, LVNV is entitled to judgment as a matter of law.

## E.   Common Counts May Be Used To Collect Interest And Contractual Fees

Plaintiff likewise cannot allege a violation of the FDCPA or RFDCPA based on LVNV's request for interest and contractual fees.  California law permits recovery of interest and fees under *assumpsit* theories.  *Kawasho International, USA*, 152 Cal. App. 3d 785, 794-95 (1983).  Indeed, an *assumpsit* claim may be used to recover "money which [in equity and good conscience] the defendant" should refund to the plaintiff.  *O'Bryne v. Portfolio Recovery Assocs. LLC*, 2013 U.S. Dist. LEXIS 42922 at *18 (S.D. Cal. Mar. 26, 2013) (citing *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439 (2013); *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004)).  This includes interest due on a debt.  *Kawasho International, USA*, 152 Cal. App. 3d at 794-95 ("an action in assumpsit to recover interest due on a legacy [is] allowed. . . .").

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Specifically, "[w]here the obligation to pay interest arises out of a contract to pay interest[,] the interest is part of the debt, it is an accretion to the principal.  In such a case any payment less than the aggregate of the principal and interest constitutes nothing more than a payment on account and does not extinguish the right to interest on the principal."  *Id*. at 795.  Accordingly, where "interest and fees [are] aggregated to the principal balance, [a creditor is] permitted to recover [those] fees under a theory of *assumpsit*."  *O'Bryne*, 2013 U.S. Dist. LEXIS 42922 at *22.  Accordingly, it was not a material misrepresentation for Defendant to request interest and fees in the Superior Court Action.

Moreover, even assuming *arguendo* that LVNV was not entitled to interest and fees under *assumpsit* theories, LVNV was entitled to recover interest and fees under its account stated theory.  *See, e.g.*, *Gleason*, 103 Cal. App. 3d at 786*; see also Zinn*, 271 Cal. App. 2d at 600 ("An account stated constitutes a new contract which supersedes and extinguishes the original obligation).  Indeed, the final statement clearly included account fees and interest.  App's of Exh. Nos. 10-11; Mohandesi Decl., ¶¶ 7-8.  Accordingly, the account fees and interest became part of a new contract between Plaintiff and Chase, and they were thus recoverable pursuant to an account stated theory.

In addition, LVNV did not violate the FDCPA or RFDCPA by requesting attorney's fees "at the legal default rate" in the Superior Court Action.  *See,.e.g.*, FAC ¶ 33.  As a preliminary matter, contrary to Plaintiff's assertion, LVNV did not state "that the debt alleged may be increased by the addition of attorney's fees . . ."  *Id*.  Instead, Defendant simply requested attorney's fees to the extent attorney's fees were legally available.  App'x of Exh. No. 1; RJN ¶ 1.

Moreover, although the general rule is that a prevailing party is not entitled to attorney's fees, the California legislature created an exception for any party that prevails on a claim for open book account.  Indeed, California Civil Code Section 1717.5 expressly authorizes an award of attorney's fees "in any action on a contract

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

based on a book account. . ."  Cal. Civ. Code § 1717.5; *Packaging Corp. of Am. v. Newco Int'l Inc.*, CV 13-2848 (CAS) (AGRx), 2013 U.S. Dist. LEXIS 177078, *9-10 (C.D. Cal. Dec. 9, 2013) (awarding $1,000 attorneys fees under Section 1717.5, based on open book account claim).  Specifically, Section 1717.5(a) states:

> Reasonable attorney's fees awarded pursuant to this section for the prevailing party bringing the action on the book account shall be fixed by the court in an amount that shall not exceed the lesser of: (1) eight hundred dollars ($800) for book accounts based upon an obligation owing by a natural person for goods, moneys, or services which were primarily for personal, family, or household purposes; and one thousand dollars ($1,000) for all other book accounts to which this section applies; or (2) 25 percent of the principal obligation owing under the contract.

Cal. Civ. Code § 1717.5(a).

Here, LVNV alleged a count for open book account in the State Court Action. App'x of Exh. No. 1 at ¶ CC-1.a.(1); RJN ¶ 1.  Thus, LVNV was entitled to request attorney's fees pursuant to that claim.  Cal. Civ. Code § 1717.5(a); *Packaging Corp. of Am.*, 2013 U.S. Dist. LEXIS 177078 at *9-10.

Accordingly, LVNV's allegation requesting interest and fees was not a material misrepresentation and does not support Plaintiff's claims under the FDCPA and RFDCPA.

### F.    All FDCPA / RFDCPA Violations Alleged Are Predicated On The Same Set Of Facts And All Fail As A Matter Of Law

In the FAC, Plaintiff asserts violations of the following FDCPA provisions: 15 U.S.C. § 1692d (by engaging in behavior the natural consequence of which is to harass, abuse or oppress); 1692e (by making a false, deceptive or misleading misrepresentation in the collection of a debt); 1692e(2) (by misrepresenting the character, amount and legal status of a debt); 1692e(10) (by use of a false representation or deceptive means to collect a debt; 1692f(10) (by use of an unfair or unconscionable means to collect or attempt to collect a debt).  These same subsections are incorporated in the RFDCPA claim pursuant to Civil Code § 1788.17.  In addition, under the RFDCPA claim, Plaintiff asserts violations of 1788.13 (by making a false

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 21 –

representation that the debt alleged may be increased by the addition of attorney's fees) and 1788.30 (violations were willful and knowing).

Plaintiff, however, does not allege any unique facts to establish a violation of these specific sections. Instead, each purported violation of these sections is predicated exclusively on the same set of facts: (1) LVNV did not have an enforceable claim because the State Court Action was time-barred (FAC ¶¶ 21-25), and (2) LVNV claimed a right to collect an amount that included interest and fees not authorized by law or agreement. FAC ¶¶ 26, 33. As set forth above, LVNV's State Court Action was not time barred, and LVNV was entitled to claim a right to collect interest and fees in the collection action. Accordingly, Plaintiff's FAC fails as matter of law in its entirety.

## V.   **CONCLUSION**

This case is ripe for summary judgment. The undisputed material facts demonstrate that LVNV's claims in the State Court Action were timely and enforceable. Given the clarity of the factual record and legal issues, LVNV respectfully requests that this Court grant Defendant's Motion in its entirety.

DATED:  June 1, 2015.

YU MOHANDESI LLP


By    /s/ Ben Mohandesi
      B. Ben Mohandesi
      Jordan S. Yu
      Brett B. Goodman
      Attorneys for Defendant
      LVNV Funding, LLC

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2015, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below.  Parties may access this filing through the Court's system.

DATED:  June 1, 2015

By    */s/ Diana Choe*
          Diana Choe

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071