# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANTO ORDINARIO,<br><br>                     Plaintiff,<br>  vs.<br><br>LVNV FUNDING, LLC, et al.,<br><br>                    Defendants. | CASE NO. 13cv2804-LAB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;**<br><br>**ORDER GRANTING DEFENDANT LVNV FUNDING'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER OF DISMISSAL** |

      Plaintiff Rosanto Ordinario brings claims for violations of the federal Fair Debt Collection Practices Act (FDCPA) and supplemental claims California's Fair Debt Collection Practices Act, also known as the Rosenthal Act (RFDCPA). Ordinario amended his complaint once, then filed a motion for partial summary judgment. Defendant LVNV Funding, LLC filed a motion for summary judgment as well. The motions are supported by extensive documentation. Defendant Brachfeld Law Group, PC has not answered or appeared, no proof of service on Brachfeld has been filed, and it appears Ordinario has abandoned his claims against this Defendant.

      The First Amended Complaint's (FAC) factual allegations begin with the collection efforts that give rose to Ordinario's claims. According to the FAC, Brachfeld, on behalf of LVNV, filed a state-court action to collect on a debt. Ordinario's answer consisted of a

general denial. Eventually, LVNV voluntarily dismissed the action. According to the FAC, the debt time-barred and the state court action also sought compound interest and contractual fees to which LVNV was not entitled. The FAC alleges no facts about the nature of the debt, other than to describe it as a consumer debt within the meaning of the FDCPA. (FAC, ¶ 16.)

**Legal Standards**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the moving party's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to show there is a genuine factual issue for trial. *Id*. at 324. The non-moving party must produce admissible evidence, and cannot rely on mere allegations. *Estate of Tucker* ex rel. *Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008).

With respect to each motion, the Court considers the record as a whole and draws all reasonable inferences in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court does not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

Not all alleged factual disputes will serve to forestall summary judgment; they must be both material and genuine. *Id*. at 247–49. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248.

/ / /

/ / /

/ / /

**Discussion**

    **Consumer or Business Debt**

The FDCPA and RFDCPA apply only to consumer debt, not business loans. *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); 15 U.S.C. § 1692a(5); Cal. Civ. code § 1788.2(e). The proper classification of the credit card debt is therefore a central question in this case. LVNV points out that the credit card account at issue here was a business account. LVNV therefore argues Ordinario cannot bring a claim under either statute.

Ordinario in reply argues that he used the credit card for personal purposes, and that it is the actual use of the credit card that counts. As *Bloom* explains, "[n]either the lender's motives nor the fashion in which the loan is memorialized are dispositive of" whether the debt is a business or consumer debt. 972 F.2d at 1068. Ordinario contends that, although his account was characterized as being for business purposes, he actually never had a business and instead used it exclusively for personal or household purposes, bringing it within the scope of the two statutes.

The law is more nuanced than Ordinario's arguments would suggest. When determining the purpose of a loan, courts typically examine "the transaction as a whole, paying particular attention to the purpose for which the credit was extended." *Bloom*, 972 F.2d at 1068. *See also Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (analyzing facts of a transaction). Here, credit was explicitly extended for business purposes, Ordinario on the application agreed to use the card for business purposes only, and the account statements call it a business account.

Ordinario points to his own declaration (Docket no. 26-5) as evidence of the use he made of the credit. Although much of it is purely conclusory, saying little more than that the charges were for personal consumer uses and not for business purposes, it does say he used the card to buy restaurant meals, gasoline, groceries, medicine, movie tickets, and other consumer goods and services for his own personal use. (Ordinario Decl., ¶ 9.) He also says he has never owned a business. (*Id.*, ¶ 10.)

That being said, one need not be a business owner to have business debt; individuals can engage in business activities. *See, e.g., Piper v. Portnoff Law Assocs.*, 215 F.R.D. 495, 502 n.10 (E.D. Pa. 2003) (noting that individuals can own real property for business purposes, rendering their obligations business debts). While the kinds of purchases Ordinario mentions are not typically business purchases, it is impossible to be sure. This is particularly true because Ordinario does not remember the reasons for all his charges. Taken together, these facts are enough to create a genuine issue as to the nature of the debt, and to preclude summary judgment for either side on this issue.

### Litigation Privilege

LVNV raises the litigation privilege as a defense against RFDCPA claims. Under California law, when the only collection method used to collect a debt is litigation, the litigation privilege bars the claim. *See Boon v. Prof'l Collection Consultants*, 958 F. Supp. 2d 1129, 1133 (S.D. Cal. 2013); *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067–69 (C.D. Cal. 2006). Ordinario has not disputed this.

### FDCPA Claim for Lawsuit to Collect Time-Barred Debt

LVNV argues that an action filed in California state court to collect a time-barred debt is not actionable under the FDCPA, because under California law, the statute of limitations is a waiveable affirmative defense. *See Koch v. 704 Group, LLC*, 2014 WL 7330877 (S.D. Cal., Dec. 18, 2014) (citing *Abels v. JBC Legal Grp., P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005)). While the Ninth Circuit has not definitively spoken on the issue, this appears to be the accepted law, at least where the defense was waived. LVNV points out that Ordinario's answer failed to raise the affirmative statute of limitations defense, thereby waiving it. *See* Docket no. 25-4 (answer to state lawsuit) at 3 ("Affirmative Defenses" section, left blank). *See also* Cal. Civ. Proc. Code § 431.30(b) (requiring an answer to contain both a general or specific denial of factual allegations, § 431.30(b)(1), and a statement of "any new matter constituting a defense," § 431.30(b)(2)); § 431.30(g) (requiring that defenses be separately stated). Ordinario concedes he did not raise the time bar

/ / /

defense (Opp'n, 2:19–21), but instead argues he was preparing to seek leave to amend his answer to do so when Brachfeld voluntarily dismissed the complaint. (*Id*., 3:3–16.)

Ordinario does not argue that *Abels* was wrongly decided or that its holding is inapplicable here. Rather, he focuses in detail on a different part of LVNV's argument, namely which state's statute of limitations applies. But the Court need not reach these issues, because the defense was waived. Ordinario may have been proceeding *pro se* at the time he filed his answer, but under California law he was bound by his own omissions just as much as if his attorney had waived the defense. *See Harding v. Collazo*, 177 Cal. App.3d 1044, 1056 (Cal. App. 2 Dist. 1986). The fact that later, after he was represented by counsel, he considered amending his complaint to add this defense does not change the outcome, because the state court never gave him leave to amend. The Court is not in a position to, in effect, reopen the case and make its own ruling on a motion never made in the state court. LVNV is therefore entitled to summary judgment on this issue.

**Claim for Interest**

The FAC alleges that LVNV improperly relied on *assumpsit* theories in its state court complaint to claim interest on the debt and fees owed on the account. (FAC, ¶ 26.)

The FAC mentions in passing that this was "not authorized by law or agreement," (*id*.) but this is nothing more than a conclusion of law. The FAC does not cite the cardholder agreement or allege that the fees or interest claimed were contrary to that agreement. Rather, the FAC focuses on whether the legal theories under which LVNV sought to recover them allowed for such recovery. In his briefing on the cross motions, Ordinario likewise does not argue that the interest and fees were not authorized by the cardholder agreement; instead, he tacitly agrees the fees and interest he was being charged were contractually authorized, and alleges that they were accumulating faster than he could pay them off. (Opp'n at 1:20–2:1; 2:16–17 ("The balance of $3,318.00 that LVNV claimed as restitution damages under *assumpsit* included charges for contractual compound interest and contract late fees."); 22:10-18 (calling the compound interest and fees charged on Ordinario's credit card account "unremarkable").)

By not responding to LVNV's contentions and by failing to raise the issue himself in his own motion, Ordinario has waived any claim that the cardholder agreement did not authorize the fees or interest that LVNV claimed.

LVNV responds that it was entitled to seek interest and account fees on this theory, and saying so in its state court complaint was not a material misrepresentation. In the alternative, LVNV argues that its alternative theory, for recovery of interest and account fees on an "account stated" theory was valid, rendering any misstatement regarding the *assumpsit* theory immaterial.

For reasons discussed above, Ordinario's time bar argument fails. His only remaining argument is that the compound interest and fees LVNV asked for in its complaint are not authorized by law, even if the agreement did provide for them.

A similar case in this District recently addressed this question, and determined that California law does not forbid aggregating both interest and fees into the principal balance and seeking those under an *assumpsit* theory. *O'Bryne v. Portfolio Recovery Associates LLC*, 2013 WL 1223590, at *7 (S.D. Cal., Mar. 26, 2013) (citing *Kawasho Int'l, USA, Inc. v. Lakewood Pipe Serv., Inc.*, 152 Cal. App. 3d 785, 794–95 (Cal. App. 2 Dist. 1983)). Ordinario's opposition tacitly acknowledges that *O'Bryne* would compel the same result in this case, if the Court follows it, but argues at length that the Court should reject both *O'Bryne* and *Kawasho* as wrongly decided and contrary to California Supreme Court decisions. (Opp'n, 26:1–25:23.)

But the Ninth Circuit affirmed *O'Bryne*, relying on *Kawasho* just as the district court did, and reading it in the same way. *O'Bryne v. Portfolio Recovery Associates, LLC*, 596 Fed. Appx. 565, 566 (9th Cir. 2015)[1] (finding that attempt to collect interest and fees included in the credit card balance under an *assumpsit* theory did not violate the FDCPA or RFDCPA). Even though this was an unpublished decision, the Court finds no contrary authority that would cause it to reject the panel's holding.

---

[1] The plaintiff in that case was represented both at trial and on appeal by the same attorney who now represents Ordinario. Presumably he raised, or could have raised, the same arguments about *Kawasho* as he raises here.

**Conclusion and Order**

The only factual issue that cannot be decided as a matter of law is whether the underlying debt was business or consumer debt.  As to the other issues raised in the briefing on the cross motions, LVNV is entitled to judgment as a matter of law.  The question of the nature of the debt therefore makes no difference to the outcome, and the Court need not reach it.  *See Anderson*, 477 U.S. at 248.

Ordinario's motion for partial summary judgment is **DENIED**.  LVNV's motion for summary judgment is **GRANTED**.  This action is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 4, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge